**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANTHONY THOMPSON,                          )
                                           )
      Petitioner,                        )
                                           )
vs.                                        )    **Case No. 3:26-cv-258-DWD**
                                           )
WARDEN, MARION FCI,                        )
                                           )
      Respondent.                        )

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at Marion FCI, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). The Petition is before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1] That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

On November 6, 2015, Petitioner was charged by a Superseding Indictment in the Western District of New York with: (1) sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591(a) and (b)(1) (Count 1); (2) sex trafficking by force, fraud, or coercion

---

[1]Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the U.S. District Courts can be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

under § 1591(a) and (b)(1) (Count 2); (3) sex trafficking a minor by force, fraud, or coercion under § 1591(a), (b)(1), and (b)(2) (Count 3); and (4) obstruction of a sex trafficking investigation under § 1591(d) and 2. *See U.S. v. Thompson*, No. 14-cr-228, Doc. 33 (W.D. N.Y. Nov. 6, 2015). On April 7, 2016, Petitioner pled guilty pursuant to a plea agreement to Count 3 of the Superseding Indictment. *See id*. at Doc. 73. On March 8, 2017, Petitioner was sentenced to 188 months of imprisonment, restitution, and 60 months of supervised release. *See id*. at Doc. 103. Judgment was entered on March 14, 2017. *See id*.

Now, Petitioner challenges the process for certain disciplinary proceedings. (Doc. 1, pgs. 1-2). Specifically, he challenges an incident report, relating to the possession of a hazardous tool, under program statement 5270.09CN-1. (Doc. 1, pgs. 2, 4, 6-7). That program statement relates to hearing delays. (Doc. 1, pg. 2). Petitioner indicates he attempted administrative appeals. (Doc. 1, pgs. 2-3). He requests "that incident report number 4153970 be expunged and all sanctions be restored." (Doc. 1, pg. 8).

Given the limited record and arguments available at this time, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of the Petition, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading by **April 20, 2026**. Petitioner then has until **May 20, 2026**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute

2

sufficient service. However, the Court observes that counsel has already appeared for Respondent. (Doc. 4). Petitioner is **ADVISED** of the obligation to keep the Clerk of the Court and Respondent apprised of changes to his address. Petitioner shall notify the Clerk of the Court and Respondent of address changes, in writing, within 14 days. The failure to do so could result in a dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: March 18, 2026

*s/ David W. Dugan*

DAVID W. DUGAN
United States District Judge